# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Cause No. 1:10-cv-1563-WTL-TAB |
| FIDEL A. MUNOZ, | ) ) ) |
| Defendant. | ) ) |

## ENTRY ON MOTION TO STRIKE

Before the Court is the Plaintiff's Motion to Strike the Defendant's Affirmative Defenses (Docket No. 15). This motion is fully briefed, and the Court, being duly advised, now **GRANTS IN PART AND DENIES IN PART** the Plaintiff's motion for the reasons, and to the extent, set forth below

### I. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that the Court, on its own or on motion from either party, "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored; however, "where . . . motions to strike remove unnecessary clutter from the case, they serve to expedite, not delay." *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Because affirmative defenses are subject to the "General Rules of Pleading" under Rule 8, affirmative defenses must be stated "in short and plain terms." *See* FED. R. CIV. P. 8. Affirmative defenses "will be stricken only when they are insufficient on the face of the pleadings" and "[o]rdinarily, [affirmative] defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Id.*

## II. BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("J & J") was granted the exclusive nationwide commercial distribution rights to The Dream Match: Oscar De La Hoya v. Manny Pacquiao, Welterweight Championship Fight Program ("the Program"). J & J entered into sublicensing agreements with various business whereby J & J granted those businesses the right to exhibit the Program to their patrons. Defendant Fidel A. Munoz, who owns and operates La Loma Restaurant in Clarksville, Indiana did not receive a sublicense to exhibit the Program. Nevertheless, the Defendant exhibited the Program for patrons at his establishment. J & J then brought this suit alleging violations of 47 U.S.C. § 605 and 47 U.S.C. § 553. In April 2011, the Defendant filed his Answer, which included nine affirmative defenses. J & J has now moved to strike all nine affirmative defenses.

## III. DISCUSSION

J & J's first argument in favor of striking all of the affirmative defenses is that the Defendant has failed to plead sufficient facts to make the affirmative defenses plausible. In short, J & J asks this Court to apply the pleading standard set forth in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 127 S.Ct. 1937 (2009) to affirmative defenses. Neither the Seventh Circuit, nor any federal appellate court, has determined whether to apply the *Twombly/Iqbal* standard to affirmative defenses. Although the Plaintiff cites rulings from several different district courts that have applied *Twombly* to affirmative defenses, this Court declines to follow those courts. Instead, the Court believes that *Leon v. Jacobson Transportation Co., Inc.*, No. 10 C 4939, 2010 WL 4810600 (N.D. Ill. Nov. 19, 2010), in which the court refused to extend *Twombly* and *Iqbal* to affirmative defenses, is correct. While *Leon* is,

of course, not binding on this Court, the Court believes that it is well-reasoned and the Court reaches the same result in this case.

This conclusion does not halt the Court's inquiry, however, as J & J has also argued that the Defendant's affirmative defenses fail to pass muster under the *Heller* standard.

With respect to affirmative defense one (failure to state a claim for which relief can be granted), J & J's motion is **DENIED**. Although this is not technically an affirmative defense, this language is specifically listed in Form 30. Federal Rule of Civil Procedure 84 explicitly states that the Forms suffice under the Rules. Thus, the Court will not strike affirmative defense number one.

J & J's motion is also **DENIED** as to the Defendant's second, third, fourth, seventh, and eighth affirmative defenses, as they are all sufficient under *Heller*. Each of these affirmative defenses set forth a short and plain statement of the respective defense and none are insufficient on their face. Indeed, it appears that many of J & J's arguments with respect to these affirmative defenses would be more appropriately made in a motion for judgment on the pleadings.

However, the Court agrees that affirmative defense five, which states that J & J's "claims are barred, in whole or in part, by the applicable statute of fraud or statute of limitation," Answer ¶ 19, must be struck in part. Specifically, the portion of the defense raising the statute of frauds is immaterial to this case. Thus, to the extent J & J moved to strike the statute of frauds as an affirmative defense, its motion is **GRANTED**.

Similarly, the Court concludes that affirmative defense six, which alleges that J & J's claims "are barred, in whole or part, by the equitable doctrines of waiver, estoppel, unclean hands and/or laches," *id*. ¶ 20, is insufficient under *Heller*. Accordingly, J & J's motion is

**GRANTED** as to this affirmative defense; however, if the Defendant wishes to amend his Answer to clarify this affirmative defense he may do so before **JULY 28, 2011**.

Finally, J & J's motion is **DENIED** as to affirmative defense number nine, which, the Court notes is not an affirmative defense at all. Instead, it is the Defendant's attempt to reserve his right to add additional defenses. This is unnecessary. If the Defendant wishes to add additional defenses he may seek to amend in a Rule 15 motion.

## CONCLUSION

For the foregoing reasons, the Plaintiff's Motion to Strike (Docket No. 15) is **GRANTED IN PART AND DENIED IN PART**.

SO ORDERED: 07/15/2011

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification.